UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JEAN KASEM,<br><br>    Plaintiff.<br><br>v.<br><br>CATHOLIC HEATLH INITIATIVES, a Colorado corporation doing business as St. Anthony Hospital,<br><br>    Defendant. | Case No. 3:17-cv-5461 BHS<br><br>**PLAINTIFF JEAN KASEM'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b) AND REQUEST FOR INDICATIVE RULING, PURSUANT TO FED. R. CIV. P. 62.1; EXHIBITS,**<br><br>Hearing Date: July 26, 2019<br>Judge: Hon. Benjamin H. Settle<br><br>ORAL ARGUMENT REQUESTED |

PLAINTIFF JEAN KASEM'S REPLY
i
No. 3:17-cv-5461-BHS

Rainier Legal Advocates
12055 NE Ave Ste A
Seattle, WA 98125
T:(206) 552-0785

James & Associates
23564 Calabasas Rd Ste 201
Calabasas, CA 91302
T: (310) 492-5104

**PLAINTIFF JEAN KASEM'S REPLY IN SUPPORT OF HER MOTION FOR RELIEF FROM JUDGMENT AND REQUEST FOR INDICATIVE RULING**

Plaintiff Jean Kasem ("Jean")[1], a widow devastated by the unnecessary loss of her husband of 34 years at St. Anthony Hospital ("Defendant's Hospital"), wanted the best legal representation possible in this wrongful-death suit and thought she had found it in Wisconsin attorney Stanley Davis, whose resume and references appeared stellar. She was disastrously mistaken. Unbeknownst to her, Davis had a history of gross mishandling of his clients' cases and did not even have an active law license – in Wisconsin, Washington, or anywhere else – when she was at her most vulnerable and most needed a zealous advocate. Although Davis's high-school friend and local counsel Michael Kelly valiantly attempted to salvage what he could of the case as it deteriorated in the summer of 2018, his hands were tied by the lack of any co-counsel agreement and Jean's misplaced trust in Davis. Davis's misconduct cost Jean dearly, resulting not only in a premature adverse summary judgment, but leaving her *pro se* for months as her case sat on appeal in the Ninth Circuit while she sought out new counsel. For all of those reasons, Defendant's opposition is without merit and Jean's motion should be granted.

## I.     Jean's Motion Was Filed Within a Reasonable Time

### A. Jean Did Not Have and Could Not Have Had Knowledge of All the Facts in September 2018 Because of Davis's Omissions and Affirmative Misrepresentations

Defendant contends, incorrectly, that Jean's motion under Federal Rules of Civil Procedure 60(b) and 62.1 is untimely because it was not brought within a

---

[1] Because many of the individuals involved in the acts and omissions giving rise to this litigation share the last name, Plaintiff refers to herself by her first name for consistency with previous filings.

PLAINTIFF JEAN KASEM'S REPLY
1
No. 3:17-cv-5461-BHS

Rainier Legal Advocates
12055 NE Ave Ste A
Seattle, WA 98125
T:(206) 552-0785

James & Associates
23564 Calabasas Rd Ste 201
Calabasas, CA 91302
T: (310) 492-5104

1  "reasonable time." (Opp'n at 6.) Rule 60(c) provides that a motion for relief from
2  judgment may be brought "within a reasonable time," and, for relief under Rule
3  60(b)(1)-(3), no more than a year after the entry of judgment. "What constitutes a
4  reasonable time depends on the facts of each case." *In re Pacific Far East Lines, Inc.*,
5  889 F.2d 242, 249 (9th Cir. 1989). Periods of 14 months or longer have been deemed
6  reasonable, particularly when the issue is attorney abandonment and
7  noncommunication. *See Foley v. Biter*, 793 F.3d 998, 1004 (9th Cir. 2015).

8      Jean brought her motion nine months after summary judgment was entered
9  against her, well within the one-year outer bound set forth in Rule 60(c). Contrary to
10 Defendant's assertions in its opposition, neither Jean nor Kelly was "aware of all the
11 relevant facts supporting the motion" in September 2018. (Opp'n at 6.) Jean's
12 declaration says the exact opposite: Davis did *not* tell her that his license to practice
13 law had been suspended (Decl. Jean Kasem ¶ 6) and actively misled her for months,
14 if not years (*id.* ¶¶ 11, 14). Indeed, Davis had been communicating with her about
15 possible experts until the very end, despite the futility of that endeavor in light of the
16 pending summary judgment motion. (*Id.* ¶ 14.) It takes a great leap of logic to
17 assume that Davis suddenly came clean about everything he had done – or failed to
18 do – in her case as soon as he received her email asking if it was really true that
19 summary judgment had been entered against her. Yet that is exactly what Defendant
20 has done in its opposition.

21     In September 2018, Jean was concerned with preserving her appeal rights and
22 seeking new counsel, not investigating Davis. (*See id.* ¶¶ 17-18.) Nothing in her
23 declaration says that she knew of any misconduct other than Davis's failure to notify
24 her of the summary judgment motion subsequent adverse judgment – and even then
25 she was not even sure that had really happened and asked Davis to verify it. (*Id.* ¶
26 17.) Nor *could* she have known the full extent of Davis's misconduct, including his
27
28

| PLAINTIFF JEAN KASEM'S REPLY 2<br>No. 3:17-cv-5461-BHS | Rainier Legal Advocates<br>12055 NE Ave Ste A<br>Seattle, WA 98125<br>T:(206) 552-0785 | James & Associates<br>23564 Calabasas Rd Ste 201<br>Calabasas, CA 91302<br>T: (310) 492-5104 |

apparent pattern of similar gross negligence in other cases that has led to serious disciplinary proceedings against him, because those proceedings were not filed until December 2018. (Pl.'s Mot. Relief from Judgment, James Decl., Ex. A (Dkt. No. 57-1).)

Nor does anything in Kelly's declaration establish that he knew of Davis's malfeasance in September 2018, much less that he communicated it to Jean. Kelly stated, under penalty of perjury, that "[u]nbeknownst" to him, Davis could not immediately appear *pro hac vice* because his license was under suspension (Kelly Decl. ¶ 9) and repeated multiple times that he did not know and could not ascertain what Davis was doing or not doing behind the scenes, in part because of Davis's failure to communicate with him (*id*. ¶¶ 11-16, 19-22). Defendant's contentions in this regard are a combination of conjecture and wishful thinking.

### B. Current Counsel Came Into This Case Late and Had to Perform Her Own Investigation While Fulfilling Her Other Professional Duties

Current counsel appeared for Jean on appeal before the Ninth Circuit on January 22, 2019. *See* James Notice of Appearance (Dkt. No. 11), *Kasem v. Catholic Health Initiatives*, No. 18-35879 (9th Cir. filed Oct. 18, 2019). Davis and Kelly had withdrawn at Jean's request more than two months earlier, leaving her *pro se* and compelling the Ninth Circuit to *sua sponte* grant her an extension of time to file her opening brief. *See* Docket, *Kasem*, No. 18-35879, attached hereto as Exhibit 1. Counsel had to get up to speed on the appellate matter while also fulfilling numerous other professional commitments, including a protracted and complex five-week jury trial in Los Angeles, and dealing with a death in the family and a major staffing change at her office. (*See* Feb. 29, Apr. 18, and June 3, 2019 Decls. Becky S. James, attached hereto as Exhibits 2-4.) Moreover, precisely *because* neither Jean nor Kelly had all of the relevant facts beforehand, counsel had to perform her own investigation to

determine if a motion for relief from judgment would be a viable course of action. Under those facts and circumstances, a span of five months between counsel's initial appearance and a Rule 60(b) motion, with a total of nine months elapsing post-judgment, is eminently reasonable. *In re Pacific Far East Lines, Inc.*, 889 F.2d at 249; *see also Foley*, 793 F.3d at 1004.

## II. Jean's Motion Should Be Granted or Entertained on its Merits

### A. The Weight of Authority Supports Jean's Position

As Jean argued in her Rule 60(b) motion, courts have agreed that "an unknowing client should not be held liable" for an adverse judgment "resulting from an attorney's grossly negligent conduct, and that in such cases sanctions should be imposed on the lawyer, rather than on the faultless client." *Community Dental Services v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002). Further, in *Spates-Moore v. Henderson*, the Ninth Circuit addressed this same issue in the context of a Rule 60(b) motion seeking relief from summary judgment. *See* 305 F. App'x 449 (9th Cir. 2008) (unpublished). In that case, an attorney failed to timely oppose several motions to dismiss, failed to return phone calls or attend meetings, and failed to adequately oppose a summary judgment motion, among other issues. *Id*. at 451. The Court held that these failures went "far beyond simple attorney error and perhaps constituted gross negligence and extraordinary circumstances sufficient to justify relief under 60(b)(6)." *Id*.[2]

Defendant cites to two unpublished district court cases, one from out of state, and one unpublished Ninth Circuit decision, to support its argument that Jean has

---

[2] Defendant argues that *Spates-Moore* does not support Jean's position because the Ninth Circuit merely remanded the case to the trial court for further proceedings rather than pronouncing that the attorney in question had been negligent. (Opp'n at 9 n.6.) This is disingenuous, as defense counsel surely knows the difference between the roles of appellate and district courts and the appropriateness of resolving factual matters in the latter forum.

not shown attorney gross negligence beyond her control such that relief from judgment is warranted. All three are distinguishable. In *Anderson v. Jackson*, 319 F. App'x 451, 452 (9th Cir. 2008), the plaintiff did much more than "question [his attorney's] ability to represent him"; he actively sought to replace that attorney by hiring new counsel, and his first attorney refused to withdraw. Ibid. The Ninth Circuit thus found that the plaintiff had demonstrated that he had "more than an 'inkling'" of counsel's failures by actively taking those affirmative steps. *Ibid.* By contrast, as discussed above and in her Rule 60(b) motion, Jean did *not* know of Davis's failures because he lied to her over and over again about the status of her case and the work he was performing. (*See* Decl. Jean Kasem ¶¶ 6, 11, 14-17.) In *Sylver v. Mathis*, No. 2:09–cv–00855–RLH–LRL 2012 WL 1946966, at *2 (D. Nev. May 30, 2012), an unpublished lending-fraud case from Nevada, the plaintiff-client moved for relief under Rule 59(e) or 60(b) following an adverse grant of summary judgment because he disagreed with his attorney's strategy and adduced spurious evidence of his own that he contended created a genuine issue of material fact. The court denied the motion because it concluded that the plaintiff's additional evidence would not have changed the outcome. *Ibid.* Here, Jean seeks the opportunity to supply the expert testimony that Davis promised her and utterly failed to deliver on. (Decl. Jean Kasem ¶ 14.) Finally, in *Brown v. Cowlitz County*, No. C09–5090 RBL, 2010 WL 1608876, at *1-2 (W.D. Wash. Apr. 19, 2010), and unlike in this case, the allegedly negligent attorney had attempted to rectify the situation by filing a motion for reconsideration of the unfavorable summary judgment, supported by a declaration from his client. *Id.* at *1. Davis did no such thing, and in fact never even responded to Jean's email asking if summary judgment had really been entered against her. (Decl. Jean Kasem ¶ 17.) Thus, the nonbinding authorities cited by Defendant are not on point.

PLAINTIFF JEAN KASEM'S REPLY
5
No. 3:17-cv-5461-BHS

Rainier Legal Advocates
12055 NE Ave Ste A
Seattle, WA 98125
T:(206) 552-0785

James & Associates
23564 Calabasas Rd Ste 201
Calabasas, CA 91302
T: (310) 492-5104

### B. Michael Kelly's and Jean's Sworn Declarations Show That Davis, Not Kelly, Was Lead Counsel

Nor, as Defendant contends (Opp'n at 10 n.7 & Decl. Thorsvig, Exs. A-J), do Kelly's unsworn and informal emails change the analysis or the outcome. Kelly and Jean both submitted declarations under penalty of perjury stating that Kelly was not co-counsel, had no co-counsel agreement, and was only intended to serve as local counsel for Davis's *pro hac vice* appearance. (*See* Decl. Jean Kasem ¶¶ 5, 7; Decl. Kelly ¶¶ 6-10, 18.) Of course Kelly signed all filings even after Davis had finally filled out the paperwork to be admitted *pro hac vice – he had to* as part of his duties as local counsel. That he made a last-ditch effort to propound discovery on Defendant in August 2018 (Thorsvig Decl, Ex. H) – to which Defendant responded on September 13, 2018, mere days before the summary judgment decision (Thorsvig Decl. Ex. I) does not change the local-counsel role that he and Jean agreed to and shows at most that he went above and beyond the call of duty to try and save the case when Davis had ceased communication without any explanation.[3] (Kelly Decl. ¶¶ 15-16; *see also id.* ¶ 11 (Kelly performing similar clean-up work for Davis on first summary judgment motion without being asked to do so and without any agreement requiring him to do so).) But ultimately Jean and Kelly were both in the dark as to the full extent of Davis's misconduct, which he actively concealed from Jean and at the very least concealed by omission from Kelly.

### CONCLUSION

For the foregoing reasons, Plaintiff Jean Kasem respectfully requests that the Court issue an order in accordance with Rule 62.1 indicating it would grant her motion to vacate or that the motion raises a substantial issue and, upon remand from

---

[3] Incidentally, this late-summer 2018 exchange of discovery information further supports Jean's underlying position that summary judgment was prematurely granted.

| PLAINTIFF JEAN KASEM'S REPLY 6 No. 3:17-cv-5461-BHS | Rainier Legal Advocates 12055 NE Ave Ste A Seattle, WA 98125 T:(206) 552-0785 | James & Associates 23564 Calabasas Rd Ste 201 Calabasas, CA 91302 T: (310) 492-5104 |

the Ninth Circuit, enter an order granting this motion to vacate the judgment pursuant to Rule 60(b).

Dated: July 26, 2019

                    Respectfully submitted,

                    RAINIER LEGAL ADVOCATES

                    By       /s/ Matthew M. Kennedy
                                  Matthew M. Kennedy

                    JAMES & ASSOCIATES

                    By       /s/ Becky S. James
                                    Becky S. James

                               Admitted *Pro Hac Vice*
                    Attorneys for Plaintiff Jean Kasem

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including the following:

*Counsel for Defendant:*

**Amanda K Thorsvig**
FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE (TACOMA)
1301 A STREET, SUITE 900
TACOMA, WA 98402-4299
253-328-7818
Email: amanda@favros.com

**Scott M O'Halloran**
FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE,
1301 A STREET, SUITE 900
TACOMA, WA 98402-4299
253-328-7800
Fax: 253-272-0386
Email: scott@favros.com
*ATTORNEY TO BE NOTICED*

Signed this 26th day of July at Los Angeles, California

/s/ Becky S. James
_____
Becky S. James
JAMES & ASSOCIATES

PLAINTIFF JEAN KASEM'S REPLY
8
No. 3:17-cv-5461-BHS

Rainier Legal Advocates
12055 NE Ave Ste A
Seattle, WA 98125
T:(206) 552-0785

James & Associates
23564 Calabasas Rd Ste 201
Calabasas, CA 91302
T: (310) 492-5104