UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEAN KASEM,

Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, a Colorado corporation doing business as St. Anthony Hospital,

Defendant.

CASE NO. C17-5461 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

This matter comes before the Court on Plaintiff Jean Kasem's ("Kasem") motion for relief from judgment. Dkt. 56. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On April 20, 2018, Kasem filed a first amended complaint against Defendant Catholic Health Initiatives ("CHI") asserting claims for wrongful death and loss of care and companionship. Dkt. 39. The complaint was signed by attorney Michael Kelly ("Kelly"). *Id.* at 10.

On July 5, 2018, CHI filed a motion for summary judgment. Dkt. 42. On July 30, 2018, Kasem responded, failed to submit any evidence in response, and requested a Rule 56(d) continuance. Dkt. 45. The response was signed by Kelly. *Id.* at 9. On August 3, 2018, CHI replied. Dkt. 46.

On September 19, 2019, the Court denied Kasem's request for a continuance and granted CHI's motion. Dkt. 48. In relevant part, the Court denied Kasem's request because she failed to meet both the procedural or substantive requirements of the rule. Procedurally, she failed to submit any affidavit or declaration in support of the motion and failed to conduct any discovery in the year that the matter had been pending. *Id.* at 10–11. Substantively, she only speculated that she would be able to retain some expert to establish that CHI's actions fell below the standard of care. *Id.* at 12. On September 20, 2019, the Clerk entered judgment against Kasem. Dkt. 49.

On September 19, 2019, Kasem filed a notice of appeal. Dkt. 50.

On July 30, 2019, Kasem filed the instant motion requesting relief from judgment and an indicative ruling that the Court would grant the motion if it was not divested of jurisdiction by the appeal. Dkt. 56. On July 22, 2019, CHI responded. Dkt. 59. On July 26, 2019, Kasem replied. Dkt. 62. On July 31, 2019, the Ninth Circuit granted Kasem's unopposed motion to stay the appeal pending this Court's determination of this motion.

## II. FACTUAL BACKGROUND

Kasem's motion is based on (1) the undisputed incompetence/negligence of attorney Stanley Davis ("Davis") and (2) Kelly's declaration in which he states that he essentially only performed local filing for pro hac vice counsel Davis. Dkt. 56-1. The

problem with Kelly's story is that the evidence submitted by CHI undermines many of his assertions, and his assertions are almost admissions of malpractice. For example, the relationship began in what appears to have been a possible violation of the Washington Rules of Professional Conduct ("RPC"). Kelly concedes that he knew Davis was not admitted to practice in Wisconsin. Dkt. 56-1, ¶ 9 ("Mr. Davis informed me that he was, at that time, not licensed to practice in his home jurisdiction (Wisconsin), as he had fallen behind in that Bar Association's CLE requirements for renewal.") Despite this knowledge, Kelly asserts that "[t]his resulted in [Kelly] being listed as sole counsel of record for several months when in fact Davis was performing all substantive work on the case and handling all communication with his client." *Id.* Thus, at the very least, Kelly represented to the Court that he represented Kasem while allowing Davis, who was not admitted to practice, to perform all the substantive legal work for the client.

In October 2017, one month after appearing, Kelly submitted a declaration in support of a motion for extension of time. Kelly stated that "[s]ince filing the Notice of Appearance, Ms. Kasem and I, as well as the three of us, including Mr. Davis, have been in regular communication. Ms. Kasem informs us that she is working diligently on gathering a number of documents and other information necessary for her Initial Disclosures . . . ." Dkt. 15, ¶ 2. This representation to the Court directly conflicts with Kelly's new assertion that Davis handled all communication with his client.

Further, CHI has submitted numerous emails from Kelly establishing that Kelly at least represented that he was participating in substantive aspects of the case. For example, in November 2017, Kelly sent an email to all counsel stating that Davis was his

"co-counsel" and attempted to arrange a joint conference to discuss initial orders. Dkt. 61-1 at 2. Almost two months after appearing, Kelly drafted a letter objecting to CHI's invitation to attend the deposition of its doctors. *Id.* at 6. CHI extended this invitation because they were involved in a related case and were hoping to streamline discovery in both cases. In response, Kelly wrote that this was his case, that he would be unable to travel to California to attend these depositions, and that, at the appropriate time, he would propound discovery and schedule depositions in the case that he was "actually handling." *Id.* This letter also undermines Kelly's statement that Davis was handling all substantive matters.

CHI's counsel clarified that the depositions would be conducted locally. *Id.* at 10. Kelly responded that he would be in trial during the scheduled dates and that he did not "envision noting these depositions until March or April, at the earliest." *Id.* If Davis was handling all substantive matters, then it is unclear why depositions would need to be scheduled to accommodate Kelly's schedule. More importantly, there is no indication that Davis was included in these communications between Kelly and CHI's counsel.

In November and December 2017, Kelly worked on the joint status report and Kasem's initial disclosures. In the report, he represented to the Court that he was the only counsel for Kasem. Dkt. 29. Regarding initial disclosures, Kelly wrote to CHI's counsel apologizing for the delay in producing them because he was tied up with other matters. Dkt. 61-1 at 39. Kelly also stated that some documents were being produced from his electronic storage account. *Id.*

In March 2018, Davis had not appeared on behalf of Kasem, but a response was due to CHI's motion to dismiss and motion for summary judgment. On March 5, 2018, Kelly filed a response and a declaration. Dkts. 34, 35. The response argued that the Court should deny the motion under Federal Rule of Civil Procedure 56(d) so that Kasem could obtain the facts necessary to oppose the motion. Dkt. 34. The argument relied on the declaration of Kelly. *Id.* In support of the current motion, Kelly declares that he reviewed Davis's draft response, edited the response, and included the separate declaration as required by Rule 56(d). Dkt. 56-1, ¶ 11. Kelly also states that he was surprised that Davis, without an active license to practice, "did not appear to have a correct understanding of [the separate declaration's] necessity." *Id.*

On June 25, 2018, Davis and Kelly filed the pro hac vice application for Davis's appearance in this matter. Dkt. 40. In that application, Davis represented that the need for his appearance was as follows:

> Ms. Kasem formed her attorney-client relationship with Mr. Davis prior to that with local counsel, Mr. Kelly. Mr. Davis has been closely involved with the case as one of Ms. Kasem's personal attorneys for a significant period of time, and has knowledge and expertise related to Ms. Kasem and her claims which are needed by local counsel. Ms. Kasem also personally desires that Mr. Davis represent her along with Mr. Kelly in this matter.

*Id.* at 1.

On July 5, 2018, CHI filed a second motion for summary judgment. Dkt. 42. On July 23, 2019, Kelly contacted CHI's counsel and requested a one-week continuance to respond. Dkt. 61-1 at 42. The next day, CHI renoted its motion. Dkt. 44. On July 30, 2019, Kelly filed a response. Dkt. 45. Kelly asserts that (1) Davis drafted this response,

(2) Kelly only reviewed the response for compliance with local rules and filing requirements, and (3) Kelly did not review the substantive merits of the motion. Dkt. 56-1, ¶ 18.

On August 14, 2018, Kelly served discovery requests on CHI and specifically stated that responses were to be served upon Kelly at his office within 30 days. Dkt. 61-1 at 45.

On September 19, 2018, the Court granted CHI's motion for summary judgment. Dkt. 48. On October 19, 2019, Kasem filed a notice of appeal, and for the first time since the pro hac vice application, Davis signed a document along with Kelly. Dkt. 50 at 1. Kasem declares that, around the time of the appeal, she requested that Davis withdraw so that she could find counsel to represent her that would follow the rules of professional conduct. Dkt. 56-2, ¶ 18. On November 13, 2018, Davis and Kelly moved to withdraw as counsel of record for the appeal. Dkt. 62-1 at 5. On November 20, 2019, the Ninth Circuit granted that motion. *Id.*

Kasem proceeded pro se for a period of time. On January 22, 2019, attorney Becky James ("James") appeared on behalf of Kasem for the appeal. *Id.* On July 2, 2019, James appeared in this matter. Dkt. 54. On July 3, 2019, Kasem filed a motion to stay the appeal pending this Court's resolution of her instant motion for relief from judgment, Dkt. 62-1 at 6, which she filed the same day in this Court, Dkt. 56.

Finally, CHI's counsel, Scott O'Halloran, declares as follows:

> At no point during my involvement in this case did I have any direct interaction with Jean Kasem's attorney Stanley Davis, even after he was admitted pro hac vice in June 2018. All of my interactions with Mrs.

> Kasem's Washington counsel were with Michael Kelly, including all telephone conferences, emails, and correspondence. Mr. Kelly only occasionally copied Mr. Davis on emails to which I was a party.

Dkt. 60, ¶ 3.

## III. DISCUSSION

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . [any] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision is to be used "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993). "To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quoting *Community Dental Services v. Tani*, 282 F.3d 1164 (9th Cir. 2002)).

In this case, CHI opposes Kasem's motion arguing that (1) she failed to file it within a reasonable time and (2) she fails to establish that her attorneys were grossly negligent. Dkt. 59 at 8–14. The Court will address both issues.

### A. Reasonable Time

"A motion under Rule 60(b) must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam).

In this case, CHI argues that Kasem's motion is untimely because she filed her motion almost ten months after the adverse judgment. Dkt. 59 at 9. The Court finds that the first few months are excusable because Kasem diligently requested Davis and Kelly withdraw and then proceeded pro se until she retained James in January 2019. The next six months, however, present different issues.

In reply, James asserts that the reasons for the delay in filing this motion are essentially the same reasons she requested multiple extensions of time to file the opening brief on appeal. Dkt. 62 at 2–5. The Ninth Circuit's appellate rules of procedure provide for an initial extension of time as a matter of course with some exceptions which do not apply to Kasem's appeal. Ninth Circuit Rule 31-2.2(a). Further extensions, however, must be "supported by a showing of diligence and substantial need." *Id.* 31-2.2(b). The Ninth Circuit has granted James three extensions of time, which means the court has concluded on two occasions that James has established diligence and a substantial need for the delay in filing the opening brief. Based on those conclusions, it would seem to be an abuse of discretion for this Court to conclude that the same delay for the same reasons was not reasonable. Regardless, the Court finds that a death in James's family, associates leaving her office, and the pressing needs of other matters constitute legitimate reasons for filing this motion for relief from judgment six months after appearing. Moreover, CHI has failed to establish prejudice in this delay, especially when it failed to oppose those requests for extensions on appeal. Therefore, the Court concludes that Kasem filed this motion within a reasonable time.

**B. Gross Negligence**

The Ninth Circuit has held "that an attorney's gross negligence constitutes such an extraordinary circumstance" that may warrant relief under Rule 60(b)(6). *Lal*, 610 F.3d at 524.

In this case, Kasem moves for relief arguing that Davis was grossly negligent in his representation. Dkt. 56 at 14–16. CHI opposes the motion arguing that it is untimely and that Kasem has failed to establish grossly negligent representation. Dkt. 59. Regarding Kasem's position, there is no dispute that Davis and Kelly's representation was substantially deficient. The only real issue is whether the failure to adequately represent Kasem meets the standard of gross negligence. The Ninth Circuit has defined "gross negligence as 'neglect so gross that it is inexcusable.'" *Id.* at 524 (quoting *Tani*, 282 F.3d at 1168). On the other hand, "mistakes resulting from attorney negligence, as opposed to gross negligence, 'are more appropriately addressed through malpractice claims' rather than Rule 60(b)." *Brown v. Cowlitz Cty.*, C09-5090RBL, 2010 WL 1608876, at *2 (W.D. Wash. Apr. 19, 2010) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101–1103 (9th Cir. 2006)).

The Ninth Circuit has found gross negligence when the attorney's representation amounted to abandoning the client. For example, in *Tani*, the attorney's failure to follow court orders and participate in the case resulted in a default judgment. 282 F.3d 1170–1172. The court stated that default judgments are disfavored and that the conduct of the attorney resulted in the client "receiving practically no representation at all . . . ." *Id.* at 1171. Similarly, in *Lal*, the court held "that an attorney's gross negligence resulting in

dismissal with prejudice for failure to prosecute constitutes an 'extraordinary circumstance' under Rule 60(b)(6) warranting relief from judgment." 610 F.3d at 524.

In other cases, courts have concluded that mistakes resulting in less egregious sanctions do not warrant relief under Rule 60(b)(6). For example, in *Latshaw*, the plaintiff alleged that she entered an substantially insufficient offer of judgment based on her attorney's incorrect advice that she could be responsible for defendants' costs and fees if she ultimately obtained less than the offer. 452 F.3d at 1099–1100. The court declined to extend *Tani*, which involved a default judgment, to negligent conduct leading to the accepted offer of judgment. *Id.* at 1103–04.

In *Brown*, this Court denied a Rule 60(b)(6) motion based facts similar to those alleged by Kasem. Specifically, the Court concluded as follows:

> Here, counsel cannot be considered to have abandoned his client. Counsel filed pleadings in one of the motions for summary judgment, though not in the other. Counsel did file a motion for reconsideration. Further, Plaintiff was not subject to a default judgment, nor dismissal for failure to prosecute. This Court entered judgment on the merits of the case. This is not a case of extraordinary circumstances and Plaintiff was not subject to manifest injustice. Thus, Plaintiff is not entitled to relief due to attorney abandonment or gross negligence under Rule 60(b)(6).

2010 WL 1608876, at *2. Although the plaintiff appealed this decision, the plaintiff died while the appeal was pending, and the appeal was dismissed for failure to prosecute.

Neither party has cited any binding authority that addresses the issue of gross negligence in the context of summary judgment.[1] In the absence of any binding authority

---

[1] CHI cites *Spates-Moore v. Henderson*, 305 Fed. App'x 449, 450 (9th Cir. 2008), but the unpublished memorandum merely remanded the matter for the district court to evaluate whether the attorney was grossly negligent.

or higher authority addressing a similar fact pattern, the Court relies on three basic propositions. First, gross negligence warranting relief under Rule 60(b) is an exception to the general rule that an "attorney's actions are typically chargeable to his or her client . . . ." *Lal*, 610 F.3d at 524. That exception is triggered when the client is "virtually abandoned" resulting in a decision based on a failure to comply, such as default or dismissal for failure to adhere to court orders. *Latshaw*, 452 F.3d at 1103. Here, Kasem was not abandoned. Her attorneys filed a response to CHI's dispositive motion, and Kelly's version of the events in his current declaration is undermined by the evidence reflecting his actions surrounding that response. Kelly requested the extension of time to respond and included Davis on the email. If Kelly's only role in the case was to file documents locally, it does not make sense that he would ask for the extension of time as opposed to Davis initiating that conversation. Moreover, Kelly sent discovery request shortly thereafter with no indication of allegedly "lead attorney" Davis's involvement. Therefore, this evidence supports the conclusions that (1) Davis and Kelly's representation was obviously inadequate but does not rise to the level of virtual abandonment and (2) Kelly did more than simply file documents with the Court.

Second, the Ninth Circuit has given no indication that this exception should be applied liberally such that it is triggered by failure to submit evidence in response to summary judgment or a Rule 56(d) affidavit. In *Tani*, the court rejected the argument that a malpractice action could remedy the alleged negligence because, in part, "the 'remedy' of a malpractice action does not address the critical issue of the court's order barring Tani from using the name under which he has been operating his business for a

number of years." *Tani*, 282 F.3d at 1171. Here, Kasem has failed to establish that a malpractice action would be an inadequate remedy. It is true that it would involve additional litigation and a delayed remedy, if any at all. This, however, is the general procedure for negligent representation and the Court declines to extend the exception of gross negligence to the facts of this case. It should also be noted that Kelly's current declaration would be more persuasive if it was not so severely undermined by CHI's evidence and if he did not know from the outset that Davis was practicing while his license was either revoked or suspended. Therefore, the existence of meaningful alternative relief weighs against vacating the judgment.

Third, Kelly fails to cite any rule authorizing him to abdicate his responsibilities to his client such that his only role as an attorney of record is to review and file documents. Even if Kelly could be considered a subordinate lawyer, he still has a duty to correct a supervisor's obvious errors, such as filing an affidavit or declaration in support of a Rule 56(d) continuance. *See* RPC 5.2, Comment 2 ("If the question can reasonably be answered only one way, the duty of both lawyers is clear and they are equally responsible for fulfilling it."). Even if Davis abandoned Kasem, Kelly's seemingly inadequate actions in filing the deficient response and then propounding discovery amount to minimal representation. Therefore, the Court denies Kasem's motion because she has failed to establish both of her attorneys committed gross negligence as it is defined by the Ninth Circuit in connection with the application of Rule 60(b)(6).

## IV. ORDER

Therefore, it is hereby **ORDERED** that Kasem's motion for relief from judgment, Dkt. 56, is **DENIED**.

Dated this 16th day of December, 2019.

BENJAMIN H. SETTLE
United States District Judge